LANPHERE, Plaintiff in error, vs. THE STATE, Defendant
in error.

| 114 | 193 |
|---|---|
| 116 | ⁸276 |

*February 1—April 22, 1902.*

*Criminal law and practice: Former jeopardy: Court and jury: With-
drawal of plea: Re-entry: Waiver of irregularities: Rape: Evi-
dence of other offenses: Corroboration: Instructions to jury:
Alibi: Judgment after death of trial judge.*

1. Where, upon a special plea (in this case a plea of former jeop-
ardy, alleging that the jury at a former trial was discharged
without defendant's consent), the facts are all to be deter-
mined from the record, the court may take judicial notice of
the record and decide the question without a finding of the
jury.

2. From an information charging the commission of an offense on
a certain day, the court refused to strike out words charging
also its commission "on divers other days and times" between
said day and a subsequent date; but defendant was tried only
for the offense committed on the day first named, and the
jury were restricted to that particular day in considering the
case. *Held*, that there was no prejudicial error.

3. Where a plea of not guilty is withdrawn by leave of court to en-
able defendant to enter a special plea, and the latter is over-
ruled, the former plea may be re-entered by the court without
a formal re-arraignment and plea by the defendant.

4. In such a case by failing to object to the re-entry by the court
of the plea of not guilty, and by going to trial on the merits,
defendant waives any irregularity in such re-entry of the plea.

5. Upon a prosecution for rape of a child under the age of consent,
where the circumstances were such that had she been over the
age of consent the offense would have been fornication, evi-
dence of other violations of her by the defendant was admis-
sible as tending to corroborate the testimony as to the partic-
ular act charged.

6. The uncorroborated testimony of the prosecutrix may be suffi-
cient to sustain a conviction of rape, especially if she was
under the age of consent.

7. The fact that the prosecutrix gave birth to a child at a time con-
sistent with the accusation is corroboration of her testimony.

8. Although if a witness wilfully testifies falsely as to any mate-
rial matter the jury may properly reject all of his testimony
which is not corroborated by some other credible evidence, yet

on a trial for rape where the case rested mainly upon the tes-
timony of the prosecutrix and that of the defendant, either of
whom might have testified falsely as to some matters, though
not wilfully so, it was prejudicial error to charge the jury that
"it is a rule of common sense and sound logic that a party who
testifies falsely upon any material question shall not be be-
lieved upon any other question, unless his evidence is fully and
strongly corroborated."

9. An instruction on a trial for rape that "the prosecutrix has been
corroborated in many respects as to almost every fact that she
testified to," was an invasion of the province of the jury, and
prejudicial error.

10. An instruction that the evidence produced by defendant to show
an alibi did not necessarily establish beyond question the im-
possibility of his having committed the crime as charged, was
erroneous, since it might have been so understood by the jury
as to be prejudicial.

11. The judge of another circuit who was called in to preside at the
trial having died, judgment was properly pronounced by the
court with its own judge presiding.

ERROR to review a judgment of the circuit court for Clark
county: D. H. JOHNSON, Judge.  *Reversed.*

Writ of error to review the conviction of plaintiff in error
of the crime of rape on a female under the age of consent.
The cause was twice tried.  On the first trial the jury were
unable to agree upon a verdict, and the judge, exercising his
discretionary power in the premises, discharged them and or-
dered the accused held for another trial.  The venue was
thereafter duly changed to Clark county, and the cause was
in due time brought on for trial before the circuit court for
such county, Hon. D. H. JOHNSON, judge of the second cir-
cuit, presiding, he having been duly called in to hold the
court.  By permission of the court plaintiff in error with-
drew his plea of not guilty and filed a plea of former jeop-
ardy in bar of further proceedings in the cause.  The former
jeopardy alleged was the trial theretofore had, where, as be-
fore stated, the jury were discharged because they were un-
able to agree upon a verdict.  Plaintiff in error, in his spe-
cial plea, insisted that a second trial could not be had because

he did not consent to the discharge of the jury upon the first trial. The judge, against objection by counsel for plaintiff in error, held that the special plea presented only a question of law, upon facts which were matters of record in the cause and of which he would take judicial notice. It appearing by the recorded history of the former trial that the jury were discharged after considering the cause for nearly twenty-four hours and reporting to the court that they were unable to agree upon a verdict, the plea was overruled. The plea of not guilty was then re-entered by the clerk by order of the court, without any new arraignment and without objection being made thereto on behalf of plaintiff in error. A motion was then made to discharge the accused upon the ground that the court had no jurisdiction to try him, in order to save for future review all questions raised by the special plea.

The cause then proceeded to trial, no objection being made by or on behalf of plaintiff in error on the ground that issues were not properly formed for a trial of the cause upon the merits. The charge contained in the information was in the following language:

"On the 4th day of August, A. D. 1898, and on divers other days and times between said 4th day of August and the 1st day of September, A. D. 1898, *Dell Lanphere* did with force and arms in and upon Martha Ringe, a female child under the age of fourteen years, to wit, of the age of thirteen years, feloniously make an assault and her, the said Martha Ringe, then and there feloniously did unlawfully and carnally know and abuse, contrary to the statute," etc.

Before any evidence was introduced a motion was made on behalf of plaintiff in error to strike from the information the words, "and on divers other days and times between the said 4th day of August and the 1st day of September, A. D. 1898." The motion was denied and due exception to the ruling was taken. Evidence was produced tending to prove that the offense charged was committed as alleged. The direct evidence to that effect was given wholly by the girl. The

accused testified in his own behalf, denying in detail her evidence which tended to incriminate him. There was evidence independent of that given by her, tending to show that the accused had opportunity to commit the offense. There was also evidence showing that she was under fourteen years of age at the time the offense was alleged to have been committed; that the accused was forty-eight years of age; that he was a traveling salesman, and was accustomed to visit the home of his parents in the city of Eau Claire, where the girl, Martha Ringe, was employed as a domestic, covering a considerable period of time including the day upon which the offense was alleged to have been committed; that on such visits he was accustomed to lodge at the house of his parents, and that he and the girl at such times occupied adjoining rooms on the second floor, they being the sole occupants of that part of the house in the nighttime; that the girl made no disturbance to speak of at the time she claimed to have been violated; that she did not make any complaint of having been abused for a long time after the alleged commission of the offense, and did not suffer any inconvenience from the abuse complained of at the time thereof, nor thereafter till her condition of pregnancy developed. She gave birth to a child May 26, 1899. She charged plaintiff in error with being the father of the child, testifying that he assaulted her and did the acts alleged against him in the information on the 4th day of August, 1898.

There was evidence by and on behalf of the accused tending to show that he was in the city of St. Paul, Minn., at the time the girl claimed the offense was committed. Proof was made in support of an alibi that the accused was required and accustomed to send daily reports of his whereabouts and doings to his employer, and reports purporting to have been written by him and sent daily for a period including the 4th day of August, 1898, were introduced in evidence. There was also evidence in regard to the running of the railway

trains between the city of Eau Claire and the city of St. Paul, that being introduced for the purpose of showing that it was possible that the accused might have been in St. Paul on the 4th day of August, 1898, and in the city of Eau Claire on the same day at the time or about the time on that day the girl testified that he committed the offense charged. She testified that the accused repeated the offense of the 4th day of August, on the 20th day of August thereafter, and again on the 27th day of that month. The court, in submitting the cause to the jury, required them to find the accused guilty of having committed the offense charged on the 4th day of August, 1898, or not guilty.

A verdict of guilty was rendered, and thereafter, and before judgment, the judge before whom the cause was tried died. Subsequently, and against objection by counsel for the accused, judgment was entered upon the conviction by the court, Hon. James O'Neill, judge of the circuit court for Clark county, presiding.

For the plaintiff in error there was a brief by *V. W. James,* attorney, and *R. J. MacBride* of counsel, and oral argument by *Mr. James.*

For the defendant in error there was a brief by the *Attorney-General,* and oral argument by *R. F. Hamilton,* second assistant attorney general, and by *De Alton S. Thomas.*

The following opinion was filed February 18, 1902:

Marshall, J. The plea in bar did not tender any issue of fact as to which there could be, in the nature of things, any controversy to be established by evidence *dehors* the record. All matters of evidence of the facts alleged were a part of the recorded history of the trial. Therefore, the question of whether the special plea should be sustained or overruled was wholly one of law and was properly decided by the court. The jury had no duty to perform in respect thereto whatever. *Jackson v. State,* 91 Wis. 253, 64 N. W. 838; *Campbell v.*

*State,* 111 Wis. 152, 86 N. W. 855. We do not understand that counsel for plaintiff in error make any contention but that the defense of former jeopardy was properly overruled. The only complaint made is in regard to the manner in which the court discovered the matters of fact upon which the plea turned, that is, that it was done by mere judicial notice of the record, instead of by the finding of a jury. It is by no means certain but that the plea was bad upon its face. It merely alleged that the jury was discharged without the consent of the accused. Looking at the entire plea, the reasonable inference was that the jury were discharged in the exercise of the discretionary power of the court because they were unable to agree. In either event, the question raised by the plea was not only properly tried, but it was properly decided. It is too well understood to be open to reasonable controversy that in the trial of a criminal cause the court may, in the exercise of its sound discretion, discharge a jury and hold the accused for another trial when, after taking a reasonable time to consider the case, they are unable to agree upon a verdict.

The failure of the court to strike from the information the useless words, "and on divers other days and times between the said 4th day of August and the 1st day of September, A. D. 1898," was not prejudicial to the rights of the accused. The words were mere surplusage. The naming of a day certain was essential, and that was satisfied. The prosecution was not limited to proof of an offense of the character charged upon the particular day named. The state was permitted to prove that the offense was committed on any day within the period covered by the statute of limitations, but it was necessary for the prosecution to elect what day would be relied on, at some point in the trial, or for the court to so fence in the charge, since there was evidence of several offenses of the character of the one alleged, and the offense was of such a character that there might have been several. The prosecuting attorney, by the manner in which the trial was conducted, con-

fined the inquiry, as to the offense for which the accused was on trial, to a day certain named in the information, and the jury were restricted to that particular day in considering the case, by the charge of the court. So there is no reasonable ground to claim that the failure of the court to strike the useless words from the information was prejudicial.

The conviction is challenged because, after the special plea was overruled, the accused was not required to plead anew to the information so as to raise an issue for trial on the merits. Such an issue is deemed essential. *Davis v. State,* 38 Wis. 487. But one was formed in this case, and all mere formalities in regard thereto, if there were any, were overlooked and waived by the accused by not objecting to the re-entry as ordered by the court and by going to trial upon the issue thus formed without objection. Undoubtedly the rule is as contended for by counsel for plaintiff in error, that where a plea of not guilty is withdrawn by permission of the court for the purpose of letting in some other plea, it should be re-entered upon such other plea being overruled, before a trial upon the merits. *Hatfield v. State,* 9 Ind. App. 296, 36 N. E. 664; *People v. Monaghan,* 102 Cal. 229, 36 Pac. 511; *Morton v. People,* 47 Ill. 468; *Hensche v. People,* 16 Mich. 46. But it is not necessary, as counsel seem to think, that there should be a formal re-arraignment and plea by the accused, or that he should refuse to plead over in order that the former plea may properly be re-entered by the court. Where the plea is expressly withdrawn for the purpose of enabling the accused to enter a special plea, the reasonable inference is that the case will go to trial upon the merits in the event of such plea being overruled, and in such case the court may properly order the plea of not guilty to be re-entered. *Morton v. People, supra.* If such were not the case, the re-entry of the former plea by the court without objection, and going to trial upon the merits, as was done in this case, would constitute a complete waiver of any irregularity in the matter. A person can

no more keep silent when he ought to speak in a criminal case than in any other, and then insist upon what he assented to by his silence as prejudicial error, where the right to do so is not given by some statutory or constitutional safeguard, plainly indicating that it is not a subject of waiver, or the denial of it plainly prejudicial. The doctrine on that subject is well established. It is stated in the books in this or similar language:

"If, except where some counter doctrine presses with a superior force forbidding, a party has requested or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it, however contrary it was to his constitutional, statutory, or common-law rights." Bishop, New Cr. Proc. § 118.

The accused was not precluded from waiving any irregularity in the entry of his plea of not guilty, if there was any such irregularity, and we say there was none. He had the full benefit of such a plea secured to him by the order of the court. Therefore, all irregularities were waived not only by his own conduct, but by sec. 2829, Stats. 1898, which requires the court, at every stage of an action, to disregard any error or defect in the pleadings or proceedings which does not affect the rights of the adverse party, and not reverse any judgment or allow it to be affected by reason of such error or defect.

Complaint is made because the court admitted evidence of violations of the girl by the accused other than the particular one for which he was on trial. Since, on account of the age of the girl, her attitude in the matter of the commission of the offense at the time thereof was not material, and it appeared that the circumstances were such that had she been over the age of consent the offense would have been fornication, it seems that it was proper to permit proof of other violations of her by the accused, than the one for which he was on trial, as corroborative evidence, under the rule discussed and approved in *Proper v. State,* 85 Wis. 615, 55 N. W. 1035.

The doctrine on the subject laid down in *Comm. v. Merriam,* 14 Pick. 518, was there referred to and approved. "Evidence should be excluded which tends only to the proof of collateral facts. It should be admitted if it has a natural tendency to establish the fact in controversy." Under that rule, in prosecutions for adultery, other adulterous acts between the parties than the one for which the accused is on trial, may properly be given in evidence upon the ground that they tend to corroborate the evidence as to the particular act of adultery charged. In this case it cannot be doubted that the evidence, as regards other acts of intercourse between the accused and the girl, tended to corroborate her evidence as to the particular act alleged, the same as in a case of adulterous intercourse. In that view the evidence was clearly proper under *Proper v. State, supra,* and *McAllister v. State,* 112 Wis. 496, 88 N.W. 212.

The point is made that the conviction is wrong because it rests upon the uncorroborated evidence of the girl. That cannot be sustained for two reasons: First, it is not the law that a jury cannot rightfully find a verdict of guilty of the crime of rape, especially when committed upon a child, on the uncorroborated evidence of the injured party. Second, because counsel is very far from right in the contention that the evidence of the prosecutrix in this case is entirely without corroboration. There was much corroborating evidence of the girl. It does not seem that there is any need to refer to it in detail. The undisputed and indisputable fact that the girl gave birth to a child at a time consistent with her accusation against the plaintiff in error should not be so far overlooked as to say that her evidence is entirely uncorroborated. True, there is much support for the proposition contended for by counsel, that evidence corroborating the prosecutrix is necessary to a conviction in a prosecution for rape, but there are many authorities the other way, and in our judgment they are much more reasonable and safe to be followed. Even

if it were not for that, this court has heretofore decided the
question. Any rule, it would seem, should be condemned,
which will render conviction of the heinous crime of rape
impossible merely because neither the person suffering the di-
rect injury nor the public is able to produce evidence corrob-
orating that of the prosecutrix. Evidence given by the vic-
tim of such an alleged outrage, in a prosecution of the al-
leged guilty party, certainly should be scrutinized with the
greatest care—all the care which a person would devote to
the most important affairs of life; but it should not be re-
garded as insufficient as a matter of law to sustain a convic-
tion. As this court said in *Osgood v. State,* 64 Wis. 472, 25
N. W. 529, "The direct and positive testimony of the com-
plaining witness, if believed by the jury, is amply sufficient
to support the verdict." The conviction there rested on the
uncorroborated evidence of the prosecuting witness, and was
sustained. If the rule were not as stated as regards a female
over the age of consent, it should apply where the victim is a
child under such age. One of the chief reasons for the con-
trary rule is the danger of a mere act of fornication or adul-
tery being made the basis of a prosecution for the heinous
crime of rape. Courts have held, as it would seem, in reason,
they must hold, that corroborating evidence of the prosecu-
trix, where she is under age of consent, is not essential to a
conviction of such a violation of her person as is here
charged. Female children are not so endangered as that by
any mere weakness in the law. *Jones v. State,* 68 Ga. 760;
*State v. Lattin,* 29 Conn. 389. In the last case cited there
was no confirmation of the child's testimony by evidence of
the condition of her person after the commission of the of-
fense, by medical examination or otherwise, nor was there
any corroborating evidence by medical testimony, and the
verdict of guilty was sustained.

Several criticisms are made of rulings on requests by coun-
sel for the accused for special instructions, and of instruc-

tions given in the general charge. It is not necessary to review all of the criticisms in detail. We are unable to discover any prejudicial error in any of such rulings, or in the general instructions given by the court, except those to which particular reference will be made.

The court said this to the jury: "It is a rule of common sense and sound logic that a party who testifies falsely upon any material question shall not be believed upon any other question, unless his evidence is fully and strongly corroborated." No time need be spent to demonstrate that to be erroneous to a very high degree. It is not the law that a person who testifies falsely as to one material matter in the trial of a cause cannot properly be believed as to any other such matter. A jury may properly believe a witness who has testified upon several matters, as to some of them, though they may believe the testimony false upon others. They have not a right to reject all of a witness's testimony merely because they conclude that he testified falsely as to some material matter. Much less are they bound to do so. If a witness wilfully testifies falsely as to any material matter in the trial of a cause, the jury may properly reject all of his evidence which is not corroborated by some other credible evidence. *Bratt v. Swift,* 99 Wis. 579, 75 N. W. 411; *Miller v. State,* 106 Wis. 156, 81 N. W. 1020. They are not, under such circumstances even, bound to disregard all the witness's testimony. They are merely permitted to do so if, in their judgment, such discredit is, by the wilfully false evidence, cast upon all of his testimony that no credence can, in their judgment, be safely given to any part of it. It is not necessary to prevent the rejection of all of a witness's testimony where some part of it is wilfully false on that ground alone, that the other part be fully and strongly corroborated, as the court put it; it is sufficient if it is corroborated by some credible evidence.

In a case of such serious character as this, where there is plainly room for a jury to come to a conclusion either for or

against the accused, and the case rests, in the main, on the evidence of the two parties who were concerned in the act which is the subject of investigation, and the evidence of each refers to several matters upon which the witness may have testified falsely, though not wilfully so; or, if otherwise, the witness's evidence upon some matters was corroborated by evidence which might reasonably be considered credible, though not up to that high standard of full and strong corroboration given by the learned judge in his instructions, it is easy to be seen how such an erroneous rule of law as that under consideration might of itself move a jury to find a verdict of guilty where otherwise a verdict of not guilty would be found. It seems that the plaintiff in error is entitled to a reversal and to again be permitted to have his cause submitted to a jury.

The jury were further instructed as follows: "The prosecutrix has been corroborated in many respects, as to almost every fact that she testified to." That, as it seems, was a prejudicial invasion of the province of the jury. The most that the court could properly have said on the subject referred to was that there was evidence tending to corroborate the prosecuting witness upon the matters testified to by her. Instructions should not even go that far unless the tendency to corroborate is clear beyond any reasonable controversy. To pass upon the evidence in that regard by saying, in effect, that it fully corroborates other material evidence, is entirely unjustifiable.

The jury were further told in respect to the evidence produced by the accused to sustain his defense of alibi, that it did not necessarily establish beyond question the impossibility of his having committed the crime as charged. We are unable to conclude with reasonable certainty what idea the jury may have got from that instruction. It was capable of being so understood as to be prejudicial. It was not necessary to an acquittal on the strength of the alibi that it should be more than sufficiently established to raise a reasonable

doubt as to whether the plaintiff in error committed the offense charged.   Again, whether the alibi was so firmly established as to preclude any reasonable belief that the plaintiff in error was with the prosecutrix at the time she claimed he assaulted her, was one of the disputed questions in the case upon the evidence, and the court should not have said anything liable to be taken in a way to usurp the functions of the jury in regard thereto.   We are not unmindful that the language of the court under consideration is capable of a construction which would make it harmonize with correct principles.   It is sufficient that the jury may probably have understood it otherwise.

The judgment is questioned because it was pronounced by the court, a different judge presiding than the one who presided on the trial.   That point is ruled against plaintiff in error by *Pegalow v. State,* 20 Wis. 61.

There are some assignments of error to which we have not made particular reference, but all have been considered and are overruled except the errors in the charge which have been discussed at length.   For such errors the judgment must be reversed and a new trial ordered.

*By the Court.*—The judgment is reversed and the cause remanded for a new trial, for which purpose the warden of the state prison is directed to deliver the plaintiff in error, *Dell Lanphere,* to the sheriff of Clark county, who is directed to safely keep the said *Dell Lanphere* in his said custody until he is duly discharged therefrom or it is otherwise ordered according to law.

A motion by the plaintiff in error for a rehearing was denied April 22, 1902.