LOUIS F. WOODRUFF V. STATE OF NEBRASKA.

FILED DECEMBER 21, 1904.   No. 13,659.

1. **Criminal Law: LEADING QUESTIONS.** A trial court in a criminal case has a large, though not unlimited, discretion in granting or refusing permission to ask a witness leading questions. The discretion is a legal one and subject to proper limitations.

1a. ———: ———. *Held*, in the case at bar, that no error was committed in allowing questions of a leading character to be asked, of which complaint is made.

2. **Rape: EVIDENCE.** In the prosecution of a charge for rape upon a female child under the age of consent, testimony of subsequent

acts of illicit intercourse, related in time to the offense charged, is admissible as corroborative evidence of the principal fact sought to be established.

2a. ———: ———. In proving the commission of the offense charged in such a case, it is not error to permit the prosecutrix to testify that, at the time of the commission of the offense, the accused promised to marry her if any trouble arose, even though such evidence may tend to prove the crime of seduction.

3. Evidence in such a case tending to prove that the prosecutrix became pregnant, and that a child was born as a result of the alleged illicit intercourse, is properly admissible.

4. Conduct of Accused. Any attempt to suppress evidence to stifle the prosecution and prevent a trial by flight beyond the jurisdiction of the court are circumstances from which unfavorable inferences may be drawn against the defendant in a criminal case. *Hubbard v. State*, 65 Neb. 805.

5. ———. In a prosecution for rape upon a female person under the age of consent, an attempt by the accused to have an abortion committed upon the prosecutrix is an inculpatory circumstance properly admissible in evidence and to be considered by the jury in determining the guilt of the accused of the offense charged.

6. Evidence. In a prosecution for carnally knowing and abusing a female child under the age of consent, where the previous chastity of the prosecutrix is in issue, it is not error to permit evidence tending to prove that, at the time of the commission of the offense, the prosecutrix was not aware that the accused was a married man.

6a. ———. Where the evidence on the part of the defense indisputably establishes the fact that, at the time of the commission of the alleged offense, the accused was a married man, evivence on the part of the prosecution tending to prove the same fact could, at most, be error without prejudice.

7. Errors Reviewed. Other alleged errors as to the admission and rejection of evidence examined, and *held* to be without merit.

8. Trial: CROSS-EXAMINATION. No error is found in the request of the court to counsel to desist from the further cross-examination of a witness along lines held by the court to be improper, nor in the manner of making the request.

9. Previous Chastity: EVIDENCE. In the prosecution of one charged with rape upon a female child under the age of consent where the issue of the previous chastity of the prosecutrix is involved, evidence of the general repute of the prosecutrix is not admissible

to prove prior unchastity. In such a case, chastity, as that term is used in the statute, means the character in reality for virtue possessed by the prosecutrix as distinguished from what it is reputed to be.

10. ———: ———. To prove the previous unchastity of a prosecutrix in a charge of statutory rape, it is not permissible to put in evidence the general reputation of one with whom she has associated, as to the latter being a person of unchaste character.

11. **Evidence: Review.** The admission of evidence tending to prove that a third party, with whom the prosecutrix was alleged to have had illicit intercourse before the commission of the offense charged, was at the time of the trial out of the state and beyond the jurisdiction of the court, held not prejudicially erroneous.

12. **Testimony in rebuttal,** held properly admissible.

13. **Instruction: Review.** An instruction limiting the evidence of subsequent acts of illicit intercourse to the sole purpose of corroborative evidence, held properly given.

14. ———: ———. The same rule applied to an instruction regarding evidence tending to prove that the accused endeavored to have an abortion committed upon the prosecutrix.

15. **Evidence** examined and found to be sufficient to sustain the verdict of guilty returned by the jury.

ERROR to the district court for York county: BENJA-MIN F. GOOD, JUDGE. *Affirmed.*

*France & France,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *Meeker & Wray, contra.*

HOLCOMB, C. J.

On a trial to the court and a jury upon an information filed by the county attorney, the defendant was by the verdict of the jury found guilty of the crime charged; and, after the overruling of a motion for a new trial, he was by the court sentenced to imprisonment in the penitentiary for a period of four years. To secure a reversal of the judgment thus imposed, the defendant has prosecuted proceedings in error in this court. The charging part of the

55

information is that "said Louis F. Woodruff being then
and there a male person over the age of 18 years, in and
upon one Mabel Kerwood, a female child under the age
of 18 years, to wit, between 15 and 16 years of age, and
not previously unchaste, then and there being, feloniously
did make and assault, and her, the said Mabel Kerwood,
then and there wickedly, unlawfully and feloniously did
carnally know and abuse. She, the said Mabel Kerwood,
being then and there a female child between 15 and 16
years of age, as aforesaid, and not previously unchaste."
Section 12 of the criminal code declares: "If any male
person, of the age of 18 years or upwards, shall carnally
know or abuse any female child under the age of 18 years,
with her consent, unless such female child so known and
abused is over 15 years of age and previously unchaste,
every such person so offending shall be deemed guilty of
a rape." The gravamen of the offense charged under the
section defining the crime is the unlawful sexual inter-
course by a male person over 18 years af age with a
female child under the age of consent. In the case at bar,
the prosecutrix being over 15 years of age, her alleged
previous chastity was put in issue, and evidence was in-
troduced for the purpose of showing she was previously
unchaste, and as a complete defense to the crime charged.
With these preliminary observations we proceed to a con-
sideration of the more important of the alleged errors
which are assigned and argued as grounds for a reversal
of the judgment of conviction. The errors complained of
are confined almost wholly to the rulings of the trial court
on the admission and rejection of evidence and its instruc-
tions to the jury.

1. It is assigned as error that defendant's substantial
rights were prejudiced because of the many leading ques-
tions permitted to be propounded to the prosecutrix over
objections, and by that means eliciting answers favorable
to the prosecution in support of the charge preferred. We
find upon examining the record that many of the questions
complained of as leading do not in fact suggest or lead to

the answer desired. While they may be answered by yes or no, they are not necessarily for that reason to be regarded as leading. Some are preliminary in their nature and as such, even though leading, are permissible. Others, after the prosecutrix had narrated all the facts in response to questions leading up to and including the commission of the crime charged, to the form of which we see no valid objections, were for the purpose of furnishing technical proof of the alleged unlawful act. Some of these questions which were permitted to be asked and answered may have been, and probably were, in a measure, of a leading character, but regarding which we are satisfied no abuse of discretion was committed by the trial court in suffering the examination to be pursued in the manner in which it was. It is, say all the authorities, discretionary with the trial court in both civil and criminal cases to allow leading questions on the direct examination; the discretion, of course, being a legal one and subject to proper limitations. Stephen, Digest of the Law of Evidence, 445, and note; McKelvey, Evidence, sec. 237, and notes. In *Edwards v. State,* 69 Neb. 386, it is held that the trial court has a large, though not unlimited, discretion in granting or refusing permission to ask a witness leading questions. In support of the rule there is cited in the opinion, *Schmelling v. State,* 57 Neb. 562, and *Welsh v. State,* 60 Neb. 101. We are satisfied that no serious error was committed by the trial court in respect of the matter complained of.

2. It is next contended that error prejudicial to the defendant was committed in permitting the prosecutrix to testify as she did to subsequent acts of illicit intercourse, which occurred at frequent intervals soon after the commission of the crime charged in the information. As we have noted, the essence of the offense is the unlawful sexual intercourse. The reason for the rule which should govern in respect to the admissibility of evidence to prove the charge ought not, it would seem, to be essentially different from evidence admissible to prove the crime of

adultery or seduction. In the case of *Way v. State,* 5
Neb. 283, it is held that, on a charge of adultery, evidence
of improper familiarities between the parties, both an-
terior and subsequent to the time the offense is charged,
may be received as corroborating proof, after evidence has
been offered tending to prove the offense charged. In the
opinion it is said:

"There is no doubt of the conflict of authorities upon
the question, but upon an examination of it, we are of
the opinion that the better rule in prosecutions for adul-
tery is, to admit testimony of improper familiarities be-
tween the parties, occurring both before and after the
time the act is charged, as corroborating evidence." Cit-
ing with approval, *Thayer v. Thayer,* 101 Mass. 111.

This rule has been held applicable to cases such as the
one under consideration, in California, Iowa, Kansas,
Kentucky, North Carolina, Tennessee, Washington and
Wisconsin.

In *State v. King,* 117 Ia. 484, 91 N. W. 768, it is said:

"It may be, as contended by appellant, that in most
of the cases the proof related to acts preceding the
particular offense charged, but in view of the purpose of
such testimony to show the relationship and familiarity
of the parties, and to corroborate the prosecutrix, we dis-
cover no good reason why evidence of acts subsequent to
that charged, if in some way connected with it, may not
have as direct a bearing on those occurring before. The
weight of authority authorizes similar proof in cases
wherein adultery is charged, and, as evidence of other
acts is received on precisely the same principle in causes
of this character, there is no apparent ground for reject-
ing such evidence in the one class and receiving it in the
other. The disposition toward each other might be quite
as potential between parties when the female, though
under 15 years of age, voluntarily yields her consent to
the intercourse, as in the case of adultery; and we think
evidence of repetition of the act so soon after the first
offense rightfully admitted. Had the intercourse been
against her consent, a different question would arise."

In *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810, the court say:

"In principle there is no distinction, in this respect, between a prosecution where the charge is incest and a prosecution where the charge is rape upon a female child under the age of consent. The same reason that renders the testimony admissible in the one case renders it admissible in the other, and such is the effect of the authorities."

The Wisconsin supreme court say:

"Evidence should be excluded which tends only to the proof of collateral facts. It should be admitted if it has a natural tendency to establish the fact in controversy. Under this rule, in prosecutions for adultery, other adulterous acts between the parties than the one for which the accused is on trial, may properly be given in evidence upon the ground that they tend to corroborate the evidence as to the particular act of adultery charged. In this case (statutory rape) it cannot be doubted that the evidence, as regards other acts of intercourse between the accused and the girl, tended to corroborate her evidence as to the particular act alleged, the same as in a case of adulterous intercourse." *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128. See, also, *People v. Edwards,* 73 Pac. (Cal.) 416; *State v. Robertson,* 121 N. Car. 551, 28 S. E. 59; *Smith v. Commonwealth,* 109 Ky. 685, 60 S. W. 531; *Sykes v. State,* 112 Tenn. 572, 82 S. W. 185; and *State v. Borchert,* 68 Kan. 360, 74 Pac. 1108.

We are satisfied that consistency and sound reason require the extension of the rule announced in *Way v. State, supra,* to a case like the one under consideration, and that the greater weight of authority, as well as the better reasoning, supports the rule. The fact, if it be one, that the evidence tends to prove another and independent crime does not necessarily determine its admissibility as evidence of the crime charged in the case at bar. The determinative question is, is it relevant and pertinent in establishing the offense charged, and does it throw some

light on that controversy and assist in the ascertainment of the truth in respect of such charge? We feel confident in the correctness of our position in saying that it does; and, if believed, the evidence is corroborative of the ultimate fact sought to be proved; that is, the act of sexual intercourse as charged in the information. It is also in this connection contended that the court erred in permitting the prosecutrix to testify that at the time of the commission of the alleged offense, and immediately before the act of sexual intercourse, the accused said he would marry the prosecutrix if he got her into any trouble. We see no error in the admission of this evidence. It was a part of the principal transaction—a part of the *res gestæ*. It was proper to show what induced the prosecutrix to submit herself to the embraces of the accused, whether this inducement was a promise to marry her and thus shield her from the consequences of wrongdoing, or was any other inducement or artifice resorted to in order to gain her consent. The fact that it may have tended to prove seduction is no objection to its admissibility. It is admissible in spite of such fact, and as a proper element of proof in support of the charge preferred against the accused. It is no objection to say the accused possibly, under other conditions and different circumstances, would be guilty of the commission of another crime than the one for which the prosecution was had. *Chapman v. State*, 61 Neb. 888.

3. An objection is offered because the trial court permitted the prosecutrix to testify that she became pregnant, and that a child was born as the result of the alleged illicit intercourse. Evidence of this character is proper and admissible. It indisputably established one element necessary to be proved by the state, that is, that sexual intercourse had taken place. It was proof of the *corpus* of the crime, as it were; that is, that the prosecutrix had sustained unlawful relations with some one was by this evidence placed beyond the pale of doubt. It is admissible on the same principle that an expert would be permitted to testify, after examination, that the girl had surren-

dered to some one her virginity. · By this evidence the controversy was narrowed to the question of the defendant's relation to this positive evidence that a crime had been committed. The time during gestation, and of the birth of the child, was consistent with the theory of the prosecution as to the time of the commission of the act charged. The child was the legitimate fruit of the illicit sexual intercourse. In bastardy cases such facts are always admissible in evidence. *McNeal v. Hunter, ante,* p. 579, And the same rule is applicable to cases of seduction, which in principle is in many respects analogous to the crime of unlawful sexual intercourse with a female under the age of consent. In *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810, it is held that, in a prosecution for rape on a female under the age of consent, testimony of a physician that prosecutrix, subsequently to the alleged rape, but within the period of gestation, had suffered a miscarriage, was competent both as evidence of the crime, and in corroboration of the prosecutrix's testimony that defendant was the guilty party. The admissibility of such evidence is recognized in *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128, and *Knowles v. State,* 44 Tex. Cr. App. 322, 72 S. W. 398, on rehearing; although the latter case is cited as authority by counsel for plaintiff in error in support of his contention that such evidence was erroneously admitted.

4. The prosecutrix was permitted to testify as to statements in the nature of admission made by the accused with reference to attempts made by him to elude the officers of the law after he had learned that criminal proceedings were about to be instituted—such as leaving the state and going by an assumed name—and also attempts made by him to have the prosecutrix absent herself from court at times when the case was expected to be taken up for trial. Proof of all these facts and circumstances was clearly admissible as being inculpatory, and as having a tendency to fasten upon defendant guilt of the crime of which he was charged. The tendency of all such evidence and the inference proper to be drawn, if believed, were in-

consistent with the innocence of the accused, and had a legitimate bearing upon the question of fact put directly in issue by his plea of not guilty.

"An attempt to suppress evidence, to stifle the prosecution, and to prevent a trial by flight beyond the jurisdiction, are circumstances from which unfavorable inferences may be drawn against the defendant in a criminal case." So say this court in *Hubbard v. State*, 65 Neb. 805. See, also, *George v. State*, 61 Neb. 669; *Richards v. State*, 65 Neb. 808, and *Blair v. State*, 72 Neb. 501. The rules announced in these several authorities are quite applicable here and render all of the evidence of the nature referred to properly admissible.

5. Complaint is also made because the court admitted evidence tending to prove that when the prosecutrix became pregnant the defendant endeavored to have an abortion upon her committed. This evidence, if believed, shows a consciousness of guilt on the part of defendant and, upon principles above alluded to, is properly admissible. The fact that it tends to prove another independent crime does not for that reason alone render it incompetent. Its tendency is not only to corroborate the prosecutrix as to the principal fact alleged, but it is also in the nature of a tacit admission by the accused that he is responsible for her unhappy condition. It is an inculpatory circumstance proper to be considered by the jury in arriving at its verdict. We find no error in its admission.

6. Because the prosecutrix was permitted to testify that she was not aware the accused was a married man until after the time of the alleged offense, error is sought to be predicated on the admission of such evidence. We perceive no error in its admission. It is true that question does not affect the guilt or innocence of the accused, but the relations between the prosecutrix and the accused were a material subject of inquiry. The question of her chastity was involved in the issues raised in the case. Whether she was receiving the attentions and embraces of

an unmarried man who she might reasonably expect would shield her from the consequences of their illicit intercourse, or of a married man from whom no such protection could be expected, was a circumstance proper to be considered, and, for such reason, the evidence was not erroneously admitted. It is quite probable that the jury would have felt less confident of the previous chastity of the prosecutrix had they believed she yielded to the accused, knowing he was a married man, than would have been the case if she believed him unmarried. Again, by the accused's own testimony it became an established and indisputable fact that he was a married man at the time of the commission of the alleged offense, so that the admission of any evidence by the prosecution establishing the same fact could at most be only error without prejudice.

7. The course of the examination and cross-examination of the different witnesses for the prosecution and for the defense and the evidence admitted and rejected are in many respects objected to, exceptions properly taken, and regarding the rulings thereon alleged errors are assigned. An examination of these different assignments of error does not impress us as being meritorious or as calling for a reversal of the judgment, and a discussion of the same in detail would serve no useful purpose.

8. Some exceptions are taken to remarks of the trial court during the progress of the trial, which upon examination are not regarded as being especially ill-timed or prejudicial to the rights of the defendant or as unwarrantably restrictive to counsel in the conduct of the defense. Counsel sometimes in their earnestness and zeal in the cause of their clients go so far as to render it appropriate to invoke the restraining influence of the trial court, and in this instance we see nothing more than a courteous request to counsel to desist from the further cross-examination of a witness along lines held by the court to be improper.

9. On the issue of the question relating to the previous

chastity of the prosecutrix, evidence of specific acts tending to prove that she was unchaste prior to the time of the alleged offense was offered and admitted, and it was also sought by the defense to show by evidence that her reputation for virtue and chastity in the community where she resided before the commission of the alleged offense was bad; and, because the court excluded evidence of general repute regarding the question of chastity, it is earnestly contended that grievous error was committed for which the judgment should be reversed and a new trial awarded. The statute, as has been noted, provides that, if a female child is over 15 years of age and is previously unchaste, this fact if established by the evidence would be a bar to the prosecution and would be a complete defense; and the state being required to prove its case beyond reasonable doubt, if by the evidence such doubt was raised in the mind of the jury as to the previous chastity of the prosecutrix, as alleged in the information, the accused would be entitled to an acquittal. The statute does not in words speak of the character of the prosecutrix for chastity. It declares only that the crime shall be deemed to have been committed if under the age of consent, unless the female known and abused is over 15 years of age and previously unchaste. Under a statute so worded, is evidence of the reputation of a prosecutrix for chastity admissible, or must the defense of prior unchastity be established only by evidence tending to prove an actual unchaste character, as distinguished from what it is reputed to be? Character, it is said, is "the peculiar qualities impressed by nature or habit on a person, which distinguishes him from others"; or, as is defined by some, a reputation or estimation in the community in which one is held. 6 Cyc. 892; *Berneker v. State,* 40 Neb. 810. It is observed by the author of the text above referred to that doubtless there is a distinction observed by careful writers between character and reputation. Character, where the distinction is observed, signifies the reality, and reputation merely what is reputed or understood from report to be

the reality, about a person or thing. 6 Cyc. 892. Chastity is defined to be "that virtue which prevents the unlawful commerce of the sexes." 6 Cyc. 978. In *Bailey v. State*, 57 Neb. 706, in which a construction of the language of the statute in respect of the particular question now under consideration was involved, it is held:

"A woman not 'previously unchaste' within the meaning of section 12, chapter 4 of the criminal code, is one who has never had unlawful sexual intercourse with a male prior to the intercourse with which the prisoner stands indicted."

These definitions and the holding in the case just cited unmistakably, we think, point to the conclusion that the fact in controversy is the previous chastity, or want thereof, of the prosecutrix, that is, the real character in its technical and stricter sense as distinguished from her reputed character; and that the evidence to establish such, when in controversy, at least to overcome the allegation of chastity, must be directed not to reputation, but to facts and circumstances of individual acts and conduct tending to prove a lack of that virtue in reality possessed by the female, which it is the object of the statute to protect. In a seduction case prosecuted criminally, *Powell v. State*, 20 So. (Miss.) 4, and which is analogous in many respects to a case like the one at bar, it is held that it is sufficient if a girl had never had sexual intercourse, although her reputation might be bad. Say the court:

"So long as a girl remains personally pure, so long as she is free from the pollution of criminal sexual intercourse, so long is she entitled to the protection of the law. * * * She may shock with the indiscretion of her speech and the freedom of her manners, and yet never have had a thought of parting with virtue, and, until she does part with her virtue, she is regarded by the law as of chaste character." See, also, *Mills v. Commonwealth*, 93 Va. 815; *People v. Kehoe*, 123 Cal. 224; *State v. Brinkhaus*, 34 Minn. 285; *O'Neill v. State*, 85 Ga. 383.

In *Kenyon v. People*, 26 N. Y. 203, under a seduction

statute, evidence of general reputation of a female for want of chastity is held inadmissible; the words of the statute being "previous chaste character." The words "chaste character" are held to mean actual personal virtue and not reputation, and require evidence of specific acts of lewdness for impeachment. To the same effect is *People v. Nelson,* 153 N. Y. 90.

In *State v. Prizer,* 49 Ia. 531, where a statute provides for the punishment for the seduction of any unmarried woman of previous chaste character, it is held that "character" refers to moral qualities and not to reputation, and that evidence of reputation was not admissible upon the issue of character, but only to impeach or corroborate testimony regarding particular acts of unchastity. In the opinion it is said:

"Such a character may be established by proof of particular acts, or by a course of life and conduct inconsistent with purity. A pure character may not be shown by reputation, but evidence of particular lewd conduct may be rebutted by proof of a good reputation. It will be observed that in no case can reputation be given in evidence to establish the chastity or the impurity of the woman. A good reputation being shown by the prosecutrix in rebuttal of specific charges of lewdness, the state, of course, may introduce evidence upon that issue, and assail the woman's reputation in contradiction of the evidence she has offered upon that point. It will thus be seen that evidence of reputation is not admissible upon the issue involving the woman's character, but only to discredit or support testimony tending to establish particular acts of lewdness."

The rule as stated in the authority last cited impresses us as being both reasonable and sensible, and one well calculated to subserve the interests of justice and to protect the rights of the accused. A very interesting monographic note relating to the admissibility of such evidence will be found in connection with the case of *Bradshaw v. Jones,* 103 Tenn. 331, 76 Am. St. Rep., 655. Upon both

principle and precedent, we are satisfied that the proposed evidence as offered was inadmissible, and that no error was committed in its exclusion.

10. Evidence was also offered and excluded, the purpose of which was to prove that the reputation of a girl associate of the prosecutrix for chastity was bad, and error is sought to be predicated on the ruling excluding such evidence. We are of the opinion that the court ruled correctly. While the facts regarding the conduct, action and associates of the prosecutrix which throw any light upon the question of her previous chastity, and whether she was in the habit of associating with persons of lewd and unchaste character, are proper to be offered in evidence, we do not think the rule does or ought to extend so far as to permit an issue to be raised as to the general repute for chastity of some third party with whom the prosecutrix may have associated, any more than it should be extended to her own reputed lack of virtue. While the question of her previous chastity need not be proved by direct evidence, but circumstances may be relied on to establish the fact, yet such facts and circumstances as come within the knowledge of the witnesses testifying, as distinguished from repute, embrace the limit of the admissibility of the evidence going to establish such fact.

11. It developed in the trial of the case on the issue of the previous chastity of the prosecutrix that a third party was charged with having sustained illicit relations with her before the time of the alleged offense committed by the accused, and the state was permitted to show that such third party was at the time of the trial in another state and consequently out of the jurisdiction of the court. The admission of this evidence is assigned as prejudicial error. We do not so regard it. The evidence was as favorable to the accused as to the state. It served no other purpose than to show that such party was out of the jurisdiction of the court, and to prevent any possible speculation on the part of the jury as to why his testimony was not introduced before them.

12. Some exceptions are taken as to the manner of admitting testimony in rebuttal, but upon examination we find no error in this respect. The prosecutrix, while testifying generally when first on the stand that she had been virtuous prior to the commission of the act complained of, was permitted on rebuttal to deny specific acts testified to in behalf of the defense tending to prove her unchaste. Such rebuttal testimony was not erroneously admitted.

13. An instruction is excepted to which in effect limits the testimony of subsequent acts of illicit intercourse to the sole purpose of corroborative evidence. The evidence having been properly admitted, for the reason heretofore given, it follows that the instruction in harmony with the rule governing its admissibility is without error.

14. An instruction limiting the testimony tending to prove that the accused had endeavored to have an abortion produced on the prosecutrix, solely as corroborative evidence, is also excepted to. For like reasons, this instruction was proper.

15. It is contended that the verdict is not supported by sufficient evidence. No useful purpose would be subserved in stating the evidence in detail, nor yet the substance of it only. There are in evidence many facts and circumstances of a corroborative character which materially strengthen the evidence of the prosecutrix as to the principal fact about which she testifies. The examination we have given the case as disclosed by the record convinces us that the evidence is ample to sustain the verdict, and that the controversy of fact was peculiarly one for the jury to determine, and that its determination cannot with propriety be overturned on the ground of lack of evidence to support the finding.

Finding no error in the record prejudicial to the substantial rights of the accused, we reach the conclusion that the judgment ought to be in all things affirmed, which is accordingly ordered.

AFFIRMED.