[No. 1082, February 24, 1905.]

TERRITORY OF NEW MEXICO, Appellee, v. LOUIS GONZALES, Appellant.

### SYLLABUS.

1. It is necessary to the valid trial of a cause between the Territory and one charged with crime that the defendant shall plead to the indictment.

2. A plea of not guilty withdrawn by a defendant for

Territory v. Gonzales.

the purpose of filing a demurrer, is not, in the absence of a statute so providing, reinstated or restored by the overruling of the demurrer and the participation of the defendant, without objection in the ordinary proceedings of trial.

Appeal from the district court of Santa Fe county, before JOHN R. McFIE, Associate Justice. Reversed.

C. C. CATRON, for appellant.

In criminal cases arraignment and plea are absolutely necessary. The object of arraignment and plea is to obtain an issue which constitutes a point for a jury to decide upon, and they must appear upon the record.

> Browning v. State, 54 Neb. 203; Brown v. State, 98 Ala. 85; People v. Corbett, 28 Cal. 330 and 331; Brown v. State, 108 Ind. 413; Parkinson v. People, 135 Ill. 402; State v. Hunter, 43 La. Ann. 159; Wilson v. State, 42 Miss. 641; McFarland v. State, 18 Tex. App. 314; Elick v. Territory, 1 Wash. Terr. 140; Territory v. Bush, 32 Pac. 260; Griggs v. People, 31 Mich. 471; Crain v. U. S. 162 U. S., 643 and 644; Baker v. State, 54 Neb. 56; Bishop's Criminal Procedure, Sec. 733.

The plea of not guilty cannot be entered by the court unless the defendant is called upon to plead and refuses to do so.

Defendant remaining silent and going to trial, does not thereby accept the plea of not guilty, for he has never been given the opportunity to plead.

> Territory v. Bush, 32 Pac. 260; Crain v. United States, 162 U. S. 644; People v. Monaghan, 102 Cal. 233.

Defendant might waive the arraignment but he can never waive the plea.

> Parkinson v. People, 135 Ill. 403; Crain v. U. S. 162 U. S. 643.

If the plea of not guilty is withdrawn, and a demurrer interposed and overruled, defendant must be re-arraigned and must re-plead, for otherwise there is no plea on the record, and it is essential that the record should

show that the defendant has pleaded; otherwise there is no issue, and the jury is trying a nullity.

> State v. Hunter, Supra.; Jackson v. State, Supra; Fisher v. State, 46 Ala., 722; People v. Monaghan, Supra.; Hayes v. State, 58 Ga. 45; Lamphere v. State, 114 Wis., 199; Morton v. People, 47 Ill. 476; 1 Bishop's Crim. Pro. Sec. 730.

GEO. W. PRICHARD, Solicitor General, for appellee.

If the defendant is duly arraigned and pleads not guilty, but by leave of the court withdraws his plea for the purpose of moving to dismiss the indictment, and after denial of the motion proceeds to trial without re-arraignment, the former arraignment will be considered as re-instated by such denial of the motion.

> People v. Bradner, 107 N. Y. 1-10; Lampshere v. State, 114 Wis., 193; Martin v. People, 44 Ill. 476; Gamelly v. State, 37 Ohio 120; Henscher v. People, 16 Mich. 46; State v. Straub, 16 Wash. 111.

Where there was no arraignment and plea, but the defendant being present announced himself ready for trial, and went to trial without objection, the omission of the arraignment and plea will not avail the respondent on a motion for a new trial, or in arrest of judgment.

> State v. Cassidy, 12 Kas. 423; State v. Thompson, 95 Iowa 464; State v. Winstrand, 77 Iowa 112; State v. Bowman, 78 Iowa 520.

The common law is the rule of decision in this Territory. Under the common law, where a demurrer to an indictment is overruled, judgment will be rendered for the state; without further plea from the defendant, unless the defendant with the consent of the prosecuting officer reserved the right to plead anew.

> State v. Dresser, 54 Maine, 570; State v. Taylor, 3 Denio, 91; State v. Abrisch, 42 Minn. 202; State v. Merrill, 37 Maine 329.

### STATEMENT OF FACTS.

The appellant, Louis Gonzales, was indicted September 14th, 1904, in the district court for Santa Fe county,

for an assault with a dangerous weapon upon one Refugia Montoya de Medrano; was arraigned on September 17th, and pleaded not guilty to the indictment. On September 19th, counsel for appellant was granted leave on motion in open court to withdraw his said plea for the purpose of interposing a demurrer to the indictment, and on the same day such a demurrer was filed September 21st. The demurrer was overruled, and denied, and on the same day a jury was called, a trial was had, the appellant taking no objection at any stage of the proceedings and taking part with his counsel therein. A verdict of guilty was rendered by the jury. September 26th the appellant's counsel made a motion in arrest of judgment alleging as a reason therefore, the fact that "after said demurrer was overruled, the defendant was not arraigned, nor did defendant by himself or his attorney waive said arraignment." The motion concluded with the usual formal statement: "Wherefore and for reasons apparent on the record, etc.," but in the argument before this court it was conceded that on the hearing of the motion in arrest of judgment the attention of the court was not called to the alleged lack of a plea, but only to the failure to re-arraign. In fact, however, the record of the district court does not show that the appellant was re-arraigned, or that he re-pleaded, or that any plea was entered for him.

Said motion in arrest of judgment was overruled and denied, September 29th, and judgment was on the same day recorded, whereupon appellant took his appeal to this court.

### OPINION OF THE COURT.

ABBOTT, J.—It was essential to a valid trial that in some way there should be an issue between the Territory and the appellant, and without a plea, in the absence of the statutory provisions to the contrary, there could be no issue.

This principle is stated by Bishop in Vol. 1, New Criminal Proc., Sec. 733, and is abundantly sustained by the decisions. Crane v. United States, 162 U. S. 643, and cases cited.

It is contended in behalf of the Territory that by go-

ing to trial without objection after his demurrer was over-ruled, the appellant should be held to have waived **2** his right to re-plead and to have assented to the restoration of his former plea. This is, indeed, the common sense view of the question and the one we should be pleased to adopt, if we were at liberty to do so; since it is not suggested that the appellant was in any way injured by the failure to have him re-plead. This view is well presented in Lamphere v. State, 114 Wis. 193. But in that case as in most, if not all others cited by the appellee, the decision was based, in part at least, on a statute which required the court to disregard irregularities in the proceedings which did not injuriously affect the rights of the defendant.

This Territory has not such a statute and we must hold that there was no valid trial in the district court; that its action in overruling the motion in arrest of the judgment be reversed, and that the case be remanded to it for further proceedings in accordance with this opinion.

William J. Mills, C. J., Frank W. Parker, A. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., concur.

McFie, A. J., having heard this cause below did not participate in this decision.