Crew, C. J.
The indictment in this case alleges that the offense charged therein, upon which reliance was had for conviction, was committed on the 10th day of- August, 1908. On the trial of the case in the court of common pleas the prosecutrix being called as a witness on behalf of the state, was permitted, over the objection of defendant, to testify that on several occasions prior to said 10th day of August, 1908, she had had sexual intercourse with the accused. The prior acts of illicit intercourse thutf shown covered a period of about two months immediately preceding said 10th day of August, 1908. It is the claim of counsel repre *241 sénting the motion for leave to file a petition in error in this case, that the admission of this testimony was improper and erroneous, because the testimony so given tended to prove the commission by defendant of separate and distinct crimes other than the one for which he had been indicted and for which he was being tried. In support of this claim reliance is had upon the general rule, that it is not competent in a prosecution for one offense, to show that the accused is guilty of another and different offense wholly unconnected with the offense charged. The rule thus invoked by counsel, while perhaps one uniformly observed and followed in proper cases, is wholly without application in cases where the act proved is a relevant fact or circumstance tending to show the commission by defendant of the particular crime charged against him. In all cases evidence should be excluded which tends only to the proof of a merely collateral fact; it should however be admitted if it is of such character that its reasonable and natural tendency is to establish the particular fact in controversy. There is, and can be, no rule of law which forbids' or excludes evidence of other crimes than that charged, if the evidence offered can be said to be relevant as tending to establish and prove the guilt of the accused. If relevant, the fact that the particular act which the evidence tends directly to prove is criminal in its nature, is wholly immaterial, for the competency and admissibility of such evidence does not depend upon the innocent character of the act or circumstance which it tends to prove, but upon the relevancy, of such act or circumstance to the issue involved. *242 The rule upon this shbject is we think correctly-stated by Mason, J., in the comparatively recent case of State v. Borchert, 68 Kan., 361, where he says: “The true rule is that testimony which is otherwise admissible as tending to prove the defendant guilty of the very crime charged, is not rendered inadmissible by the fact that it also tends to show that he has committed some other crime.” The doctrine must now be considered as fairly well settled by the weight of authority, that in prosecutions for adultery, seduction, rape upon one under the age of consent, and incest, acts of sexual intercourse between the parties prior to the act charged in the indictment may be given in evidence as tending to sustain the principal charge, by showing the relations between the parties. The reason for this rule which applies alike to all such cases, is well stated in State v. Markins, 95 Ind., 464, a prosecution for incest, where it is said by Elliott, C. J.: “It is a rule of elementary logic, as well as of rudimentary law, that evidence which tends to establish facts rendering it antecedently probable that a given event will occur, is of material relevancy and strong probative force. It is more probable that incestuous intercourse will take place between persons who have conducted themselves with indecent familiarity than those whose behavior has been modest and decorous. It can not be doubted that it is competent to show the previous intimacy between the persons charged with the crime of incest, their behavior toward each other and their acts of impropriety and indecency. If it be proper to show acts of indecent and lascivious character, *243 then, surely, it must be proper to show the act to which all such indecent and lascivious acts lead, and in which they will often culminate. It can not be held, upon any principal of law or logic, that the state may show acts of improper intimacy up to the very act of sexual intercourse, and then must stop, although the sexual intercourse is but the usual result of the previous lascivious conduct. If the course of conduct tends to show that the incestuous intercourse charged in the indictment did take place, then, surely, the culminating act of sexual commerce must be evidence' of a convincing character. It would be a singular rule that would admit evidence of lascivious' conduct, and yet exclude evidence of the act, which of all the series supplies the strongest evidence that the crime charged was one likely to be committed. If the rule were that the state might show previous lascivious conduct, but must not show an act of sexual intercourse, we should have the singular anomaly of a legal rule rejecting evidence simply because of its strength and importance. The usual rule of common sense, as of law, is, that the 'more material the evidence and the stronger its probative force the greater the reason for holding it to be competent.”
In the present case the evidence of acts of sexual intercourse between the accused and the prosecuting witness, prior to August 10, 1908, were not introduced or admitted for the purpose of proving substantive crimes, but to show the relation and familiarity of the parties, their disposition and antecedent conduct toward each other, and as corroborative of the testimony of *244 the prosecuting witness touching the crime charged in the indictment; for this purpose the testimony was relevant and competent, and was therefore properly admitted. State v. Robinson, 32 Ore., 43; State v. Fetterly, 33 Wash., 599; People v. Castro, 133 Cal., 11; People v. Abbott, 97 Mich., 484; State v. Borchert, 68 Kans., 360; Mitchell v. The People, 24 Col., 532; Lanphere v. State, 114 Wis., 193; Woodruff v. State, 72 Neb., 815; State v. Lapage, 57 N. H., 245; State v. Gaston, 96 Ia., 505; Hamilton v. State, 36 Tex. Crim. Rep., 372; Abbott’s Crim. Trial Brief, 522; 4 Elliott on Evidence, Section 3105.
The purpose and office of the evidence permitted to be given in this case as to prior acts of sexual intercourse between the parties, was fully explained to the jury in the charge of the court, and they were cautioned and instructed that they could not convict the defendant for any act of sexual intercourse with the prosecuting witness except the one specifically alleged and charged against him in the indictment. Among other things, the court said to the jury: “And the reason that you were allowed to hear testimony concerning these other alleged acts of sexual intercourse was in order that you might thereby be the better able in hearing the other evidence, and comparing it with the other evidence, to say whether or not this alleged occurrence of August 10th did in fact take place, for that is the offense for which the defendant is upon trial, namely, the act alleged to have occurred on the 10th day of August, and if you find that the defendant did have intercourse with this girl before the 10th of *245 August upon different times, and fail to find from the evidence, that he had this alleged sexual intercourse on the 10th of August, you must nevertheless acquit him, because that is the transaction which is under inquiry, and which is the basis or foundation for your verdict in the case. That is to say, if you find a verdict of guilty in this casé, it will mean, that you find from the evidence that the defendant on August 10, 1908, had sexual intercourse with this girl with her consent.” Upon a careful consideration of this record we are of the opinion that it discloses no prejudicial error, and leave to file the petition in error presented, is therefore refused.

heave to file petition in error refused.

Summers, Spear, Davis, Shauck and Price, JJ., concur.